**UNITED STATES of America,**

v.

**Leslie ZACHARIAS, Defendant.**

**No. 72 Cr. 217.**

United States District Court,
S. D. New York.

Oct. 1, 1973.

Paul J. Curran, U. S. Atty., for the Southern District of New York, New York City, for United States of America; John M. Walker, Jr., Asst. U. S. Atty., of counsel.

Saxe, Bacon, Bolan & Manley, New York City, for defendant; Michael Rosen, New York City, of counsel.

EDWARD WEINFELD, District Judge.

Upon the argument of this motion the Court indicated that it would deny the motion for a reduction of sentence, but would give further consideration to the alternative application that the judgment be amended to specify it was imposed pursuant to 18 U.S.C., section 4208(a)(2), thereby enabling the Parole Board to exercise its authority to parole the defendant prior to the expiration of one-third of the five-year sentence imposed upon him.

■■ The sentence so imposed was fully warranted in view of the nature of the offense, the extent of his activities and all significant factors, including those pertaining to the defendant, his family and the public interest. The government, in a rather strongly worded statement, opposes the alternative motion, stressing that the deterrent impact of this five-year sentence upon "white collar" violators will be somewhat attenuated if defendant is made eligible for parole before one-third of his sentence has expired.

A purpose of confinement is the rehabilitation of defendant—recognition by him of his past wrongful conduct with the prospect that thereafter he will lead a law-abiding and useful life. And if a defendant, at a given point of his confinement, has demonstrated by conduct and attitude that he is on the road to rehabilitation and is ready to re-enter society and to fulfill his family and societal obligations, it would be self-defeating to keep him in continued confinement.

To grant this application, of course, does not mean the defendant's immediate release. The Parole Board exercises a discretionary power. It determines, based on all significant factors, whether the defendant's response to the institutional program has been such that release on parole under appropriate supervision offers the prospect that the defendant can safely take his place in the community and to make a fresh start. Moreover, a prisoner should be encouraged that his conduct can earn early-date consideration by the Parole Board. To limit this period of hope may impede rather than advance the rehabilitative process. To make defendant eligible for parole before he has served one-third of his sentence is hardly likely to detract from the deterrent force of the five-year prison term he is now serving. Confinement is confinement. An enlightened system of criminal justice should not be based upon a policy "all hope abandon ye who enter here." It should encourage hope.

The motion for reduction of sentence is denied; however, that branch of the motion which seeks to amend the judgment of conviction is granted so that 18 U.S.C., section 4208(a)(2), is applicable thereto.